Filed 3/19/25  P. v. Johns CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br>v.<br>ANTHONY D. JOHNS,<br>          Defendant and Appellant. | A169599<br><br>(Sonoma County Super. Ct. No. SCR7082081) |

In 2018, Defendant and Appellant Anthony D. Johns was charged with and pled no contest to four felonies; admitted a prior strike, prior serious felony and prison prior; and was sentenced to nine years in prison.  Effective January 1, 2020, the Legislature amended the law that previously provided for imposition of one-year enhancements for prior prison terms, eliminating those enhancements for felonies other than sexually violent offenses. (Stats. 2019, ch. 590 § 1 [amending Pen. Code,[1] § 667.5].)  In 2021, the Legislature adopted a new statute, which became effective on January 1, 2022, declaring that one-year prison prior sentence enhancements imposed before 2020 are "legally invalid" (Stats. 2024, ch. 979 § 3; see § 1172.75, subd. (a) [former § 1171.1, subsequently renumbered without change]) and

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

created a procedure affording retroactive relief to persons identified by the California Department of Corrections and Rehabilitation (CDCR) as inmates serving a term of imprisonment for a judgment that includes one or more such enhancements.  (§ 1172.75, subds. (b)–(e).)

Section 1172.75 provides that once CDCR " 'identifies those persons 'currently serving a term for a judgment that includes an enhancement described in subdivision (a)' to the sentencing court, 'the court shall recall the sentence and resentence the defendant.' "  (*People v. Monroe* (2022) 85 Cal.App.5th 393, 399 (*Monroe*), quoting §1172.75, subds. (b), (c).)  It further provides that on resentencing, the court "shall apply the sentencing rules of the Judicial Council" and "any other changes in law that reduce sentences or provide for judicial discretion" and may consider postconviction factors, including the record of discipline and rehabilitation of the defendant, whether the effect of the defendant's age and physical condition have reduced the defendant's risk for future violence and changes in circumstances that have reduced the defendant's risk for future violence.  (§ 1172.75, subds. (d)(2), (d)(3); see *Monroe, supra,* at pp. 399-400.)

In 2023, the trial court appointed counsel for Johns, who sought recall of Johns's no longer valid one-year prison prior enhancement and full resentencing under section 1172.75.  The People argued that section 1172.75 "only applies to inmates who are 'currently serving' sentences for now-invalid 1-year priors."  Because the sentencing court had stayed the one-year enhancement for Johns's prison prior, the People argued Johnson was not serving that sentence and therefore was ineligible for relief.  The trial court agreed with the People and, while acknowledging the split of authority on the issue, denied Johns's petition.

2

Johns timely appealed.  He argues the trial court erred in concluding that he was not entitled to a full resentencing based on his prison prior enhancement having been stayed.  He also contends he was denied his right to be personally present at the resentencing hearing in violation of his rights under the Sixth and Fourteenth Amendments and article I, section 15 of the California Constitution.

We agree with Johns on both points and will reverse and remand the matter for a full resentencing hearing at which, absent a knowing waiver of his right to be present, Johns shall be allowed to appear.

## BACKGROUND

In January 2018, the district attorney filed an information charging Johns with first-degree burglary (§ 459; count 1), receiving stolen property (§ 496d, subd. (a); count 2), identity theft (§ 484e, subd. (a); count 3) and vehicle theft (Veh. Code, §10851, subd. (a); count 4) as well as a prior strike (§ 1170.12, subds. (b), (c)), a prior serious felony (§ 667, subd. (a) and a prison prior (§ 667.5, subd. (b)).  Johns pled no contest to all the counts and admitted the strike and priors, and the court sentenced him to nine years.  This included the low term of two years on count 1, doubled to four for the strike, plus five years on the strike prior.  It imposed low terms, to be served concurrently with count 1 (low terms of 16 months, doubled to 32 months) for counts 2 through 4.  The court imposed but stayed the one-year prison prior.

In May 2023, after the California Department of Corrections and Rehabilitation (CDCR) had identified Johns as an inmate who was potentially eligible for resentencing relief under section 1172.75, the court appointed the public defender to represent him and set a briefing schedule on the matter.  The People filed briefs arguing that Johns was ineligible for

relief under section 1172.75, and the public defender filed a brief arguing he was eligible for such relief.

In October 2023, the trial court heard argument on Johns's request for resentencing relief. Johns was not present, and his counsel waived his right to be present. The court took the request under submission to provide it time to review cases the parties had cited and set it for a further hearing. At the hearing, counsel for the defense again stated that Johns had waived his right to be present, and the court heard the matter. After hearing further argument, on December 11, 2023, the court denied the request, holding that section 1172.75 was not triggered by a sentence that included a prison prior enhancement that was stayed and therefore resentencing was not appropriate.

Appellant timely appealed.

## DISCUSSION

### A. *The Trial Court Erred in Denying Resentencing Under Section 1172.75.*

Section 1172.75 is broadly ameliorative. In addition to requiring a trial court to recall a defendant's sentence if, after notice by the CDCR, it determines the defendant's judgment includes an invalid prison prior, section 1172.75 requires the trial court to resentence the defendant to a lesser sentence unless it finds by clear and convincing evidence that doing so would endanger public safety. (*Monroe, supra*, 85 Cal.App.5th at p. 399; § 1172.75, subd. (d)(1).) In resentencing the defendant, it requires the court to apply any other changes in the law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing. (§ 1172.75, subd. (d)(2).) And it allows the court to consider post-conviction evidence that reflects whether the defendant's age, time served and physical condition have reduced the risk of future violence.

4

(*Id.*, subd. (d)(3).)  As we recognized in *Monroe*, "[b]y its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*Monroe*, at p. 402.)  Full resentencing " 'allows a court to revisit all prior sentencing decisions.' " (*People v. Rogers* (2025) 108 Cal.App.5th 340, 358.)

The People urge us to adopt a cramped interpretation of section 1172.75, asserting (as they did in the trial court) that a judgment that includes, but stays, a prior prison term one-year enhancement is not entitled to the resentencing provisions of section 1172.75.  They cite *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169, which held "that since appellant was not serving any period of incarceration based upon the stayed enhancement, resentencing was not triggered and relief was inappropriate."  In the People's view, "the statute applies only to individuals serving time, or who *will* serve time, for a prison prior enhancement that was imposed and executed."

The People acknowledge there is a split of authority on the point, but it is more one-sided than the People describe.  The People urge us to adopt their position based on *Rhodius* and to reject the reasoning of *People v. Christianson* (2023) 97 Cal.App.5th 300, 312-315 [Fourth Dist.], review granted February 21, 2024, S283189, and *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276-1278 [Third Dist.], review granted March 12, 2024, S283547, both of which disagreed with *Rhodius*.  But *Christian* and *Saldana* have been joined by panels from the Fifth and Sixth Districts, as well as the First.  (See *People v. Bravo* (2025) 107 Cal.App.5th 1144, 1154-1155 [First Dist.]; *People v. Espino* (2024) 104 Cal.App.5th 188, 195-201 [Sixth Dist.], review granted Oct. 23, 2024, S286987; *People v. Mayberry* (2024) 102 Cal.App.5th 665, 673-676 [Fifth Dist.], review granted Aug. 14,

2024, S285853.) As we stated in *Bravo*, "[e]very other appellate court that has considered this issue . . . has reached the opposite conclusion" to the one reached in *Rhodius*. (*Bravo*, *supra*, 107 Cal.App.5th at p. 1154. As in *Espino*, we found " 'no good reason to reject the weight of authority' that has rejected the argument that we should 'imply an execution requirement into the word "impose" 'as the word is used in section 1172.75, subdivision (a)." (*Bravo*, at p. 1154.) Cognizant that our Supreme Court will ultimately decide the issue, we hold the trial court erred, reverse its decision denying Johns resentencing and remand for full resentencing.

B. ***Johns Has a Right to Be Present at the Resentencing Hearing.***

Johns's second claim of error is that he had a constitutional right to be personally present at the section 1172.75 hearing and although his counsel orally waived his presence there was no valid written waiver of his right to be present and no evidence that he fully understood that right and knowingly waived it. Further, he claims the error was not harmless beyond a reasonable doubt under *Chapman v. California* (1967) 386 U.S. 18, 24 because his counsel addressed only the one-year prison prior enhancement and failed to argue the court should strike the five-year enhancement for the strike prior or make other reductions based on ameliorative changes to the law. Further, he points out that if he had been present, he could have presented evidence of postconviction factors such as his disciplinary record and record of rehabilitation and other facts bearing on his risk for future violence.

The People concede that "a defendant has the right to be present at an actual resentencing hearing," but contend this was something different. Specifically, they describe what took place as a "proceeding[] in which a trial court merely determines a defendant's legal eligibility for resentencing," to which the right to be present "does not extend."

6

Having rejected the People's argument that Johns was not entitled to a full resentencing hearing, we accept and agree with the People's concession that such a hearing is a critical stage at which the defendant does have a right to be present. (See *People v. Basler* (2022) 80 Cal.App.5th 46, 57; *People v. Quan* (2023) 96 Cal.App.5th 524, 533-534; § 977, subd. (b) ) We also accept their concession that counsel's "perfunctory" oral waiver of Johns's presence was insufficient to establish a knowing waiver of that right. (*Quan*, at p. 535.) In light of our reversal of the court's ruling denying a full resentencing hearing to Johns and remand for it to hold such a hearing, we need not address whether the error could have been harmless. On remand, the court shall ensure either that Johns is present for the resentencing hearing or that the evidence shows he has been informed of and understands his right to be present and its potential significance and has knowingly waived that right.

## DISPOSITION

The order denying Johns's request for resentencing is reversed, the sentence is vacated and the matter is remanded to the trial court for resentencing consistent with this opinion applying section 1172.75 and all current sentencing statutes that apply to Johns.

_____

STEWART, P. J.

We concur.

_____

MILLER, J.

_____

DESAUTELS, J.

*People v. Johns* (A169599)